FILED'07 NOV 20 14:18USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LENNIE TY DAVIDSON,

             Plaintiff,             Civil No. 07-3085-CL

             v.               FINDINGS AND
                                 RECOMMENDATION

TED KULONGOSKI,

             Defendant.

CLARKE, Magistrate Judge.

Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed for failure to state a claim, <u>see</u>, 28 U.S.C. § 1915(e)(2); <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 637 (9th Cir. 1988), and because it is frivolous.

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324

1 - FINDINGS AND RECOMMENDATION

(1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." <u>Neitzke</u>, 490 U.S. at 325; <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 882 (9th Cir. 1991); <u>Jackson</u>, 885 F.2d at 640.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Tanner v. Heise</u>, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. <u>Tanner</u>, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir. 1987).

I find that regardless of how liberally plaintiff's

2 - FINDINGS AND RECOMMENDATION

complaint is construed, it fails to state a claim and is
frivolous.

Plaintiff alleges that defendant has violated his First
Amendment right to free speech and his due process rights
because the FBI allegedly "gave [plaintiff's] name to a
convicted bank robber - one [he] had helped them put in prison
in the past." Complaint (#1) p. 2.

Defendant is the governor of Oregon and is not factually
responsible or legally liable for the FBI's alleged conduct in
revealing plaintiff's identity as an informant. Even if
plaintiff were able to establish some factual nexus between
defendant and the FBI, the only possible basis for liability
would be respondeat superior - which is not a proper basis for
liability under 42 U.S.C. § 1983. <u>Monell v. Dept. of Social
Services of City of New York</u>, 436 U.S. 658, 691-694 (1978);
<u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>,
814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff has not alleged any facts that might subject
defendant to liability under the theory of respondeat superior,
or any other legal theory.  Therefore, plaintiff's complaint
should be dismissed for failure to state a claim and as
frivolous.  Because it is apparent that the deficiencies of the
complaint cannot be cured by amendment, the dismissal should be
with prejudice.

This recommendation is not an order that is immediately
appealable to the Ninth Circuit Court of Appeals.  Any notice of

3 - FINDINGS AND RECOMMENDATION

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this ___ day of November, 2007

Mark D. Clarke
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION